| | |
|---|---|
| Banjelister Qamunga, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Midland Funding, LLC and Messerli & Kramer P.A.,<br><br>　　　　　Defendants. | Civil File No. _____<br><br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.　　The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.　　Plaintiff Banjelister Qamunga brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Midland Funding, LLC and Messerli & Kramer P.A. based on their illegal efforts to collect

on an alleged consumer debt from Plaintiff following the expiration of the statute of limitations and related abusive debt collection practices.

## II. JURISDICTION

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 for subject matter jurisdiction and pursuant to 15 U.S.C. § 1692k(d) for claims under the Fair Debt Collection Practices Act.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here. *See Ford Motor Co. vs. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021).

## III. PARTIES

5.      Plaintiff Banjelister Qamunga (hereinafter "Plaintiff" or "Qamunga") is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law. Qamunga has suffered an injury in fact that is traceable to the Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

6.      Defendant Midland Funding, LLC ("Midland Funding") is a Delaware Limited Liability Company with a registered address of 2345 Rice Street, Suite 230, Roseville, MN 55113 and an a process service agent of Corporation Service Company.

7.     Midland Funding is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) Qamunga's account was in default when it was transferred to Midland Funding.

8.     Defendant Messerli & Kramer, P.A. ("Messerli") is a Minnesota Corporation, with a registered office address of 100 South 5th Street, 1400 Fifth Street Towers, Minneapolis, MN 55402.

9.     Messerli transacts business within the State of Minnesota by operating a law office, practicing law in Minnesota, being licensed in Minnesota, sending and receiving mail within Minnesota, repeatedly serving and filing collection actions in Minnesota's courts and maintaining collection employees in Minnesota.

10.     Messerli, a law firm, was retained to collect the alleged debt of Qamunga in connection with its representation of Midland Credit Management, Inc. ("Midland") and regularly collects debts on behalf of original creditors and debt buyers, like Midland. Messerli is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), using an instrumentality of interstate commerce or the mails in a business with the principal purpose of collecting debts owed or due of another.

## IV.  FACTS

11.     Qamunga allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely a line of credit from Capital One, in the approximate amount of $1,964.64 (hereinafter the "Capital One Debt").

12. The Capital One Debt is a "debt" as that term is defined under 15 U.S.C. § 1692a(5).

13. The Capital One Debt was alleged by Defendant to have been established pursuant to a certain Capital One Customer Agreement ("Agreement").

14. The Agreement provided that:

> The Law That Applies to Your Agreement
>
> We make decisions to grant credit and issue you a Card from our Offices in Virginia. This agreement is governed by applicable federal law and Virginia law.

15. According to Defendant, the last payment was made on August 15, 2017.

16. Upon information and belief, on or about May 22, 2018, Capital One sold the Capital One Debt to Midland Funding.

17. The affidavit of sale that accompanied that transaction stated that a Capital One "sold a pool of charged-off accounts (the Accounts) by a Forward Flow Receivable Sale Agreement and Bill of Sale to Midland Funding LLC."

18. Virginia law provides that: "In actions upon (i) any contract that is not otherwise specified and that is in writing and not signed by the party to be charged, or by his agent, or (ii) any unwritten contract, express or implied, within three years." Virginia Code 8.01-246(4).

19. Section (ii) applies to the Agreement as it was in writing, but not signed.

20. Accordingly, based on the allegations of Defendant, an action on the Capital One Debt was to have been brought no later than August 15, 2020.

### *Messerli Brings and Action in Conciliation Court and then, When Qamunga Appears, Dismisses It*

21.     On January 21, 2019, Messerli filed a conciliation court action on behalf of Midland against Qamunga.

22.     That action purported to related to the Capital One debt and sought damages in the amount of $1,964.64 plus a filing fees of $75,00.

23.     On April 1 and 2, Qamunga requested a continuance of the conciliation court hearing scheduled for April 12, 2019 for medical reasons.

24.     The Court issued three denials for request for continuance on April 1, 2, and 3.

25.     On April 12, 2019, Qamunga appeared at the hearing along with Capital One's representative.

26.     At the hearing, the Court dismissed the matter without prejudice.

### *Messerli Files the Time-Barred Action on Midland Funding's Behalf*

27.     On December 14, 2022, Midland Funding, through Messerli, filed another action related to the Capital One debt.

28.     This time if commenced an action in district court, filing a summons and complaint with the Court claiming that Qamunga made purchases and/or received cash advances on a credit account and failed to make required payments on the account.

29.    The acknowledgement attested to on the face of the complaint includes an implicit representation that the pleading is not being presented for any improper purpose, such as to harass.

30.    The acknowledgement attested to on the face of the complaint includes an implicit representation that the claims are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

31.    By filing and submitting the document using the Court's E-Filing System Defendants were certifying that the presentation of the complaint was not to harass Qamunga and that their claim was warranted by existing law.

32.    Because Defendants filed a complaint pursuant to a claim that was barred by the statute of limitations, Defendants have made false representations as to the legal status and character of the Capital One debt, namely that the claims were not time barred under Minnesota law.

33.    Because there was no legal basis for the filing of a complaint based on a time barred claim, Defendants filing of the complaint could only have been undertaken for the purpose of harassing Qamunga.

### *Messerli and Midland Move for Summary Judgment on the Time Barred Debt.*

34.    Throughout the litigation, Defendants continually made false statements to Qamunga that her debt was legally owing.

35.    On September 16, 2022, on a cover letter for their propounded discovery requests, Defendants falsely asserted that the debt was owed by Qamunga: "The balance of $1,964.54 consists of the principal balance of $1,964.54."

36.    On December 5, 2022, on a cover letter for their Summary Judgment motion paperwork, Defendants falsely asserted that the debt was owed by Qamunga: "The balance of $1,964.54 consists of the principal balance of $1,964.54."

37.    On February 13, 2023, on a cover letter for their motion for their amended Notice of Motion for their Summary Judgment motion, Defendants falsely asserted that the debt was owed by Qamunga: "The balance of $1,964.54 consists of the principal balance of $1,964.54."

38.    Contemporaneous to the filing of its complaint, Messerli moved for summary judgment on behalf of Midland.

39.    Because the Motion for Summary Judgment sought a determination that Qamunga owed money that she did not, Defendants again made false representations as to the legal status and character of the Capital One debt.

40.    Furthermore, Messerli's motion explicitly and implicitly misrepresented to the consumer, and the Court that the debt was legally enforceable.

41.    Finally, the correspondence sent by Messerli serving Qamunga with its motion again explicitly misrepresented that the $1,964.64 was owed and failed to alert Qamunga to the time barred nature of the debt.

### *Qamunga Is Forced to Retain Counsel, Responds,*
### *and Prevails on Summary Judgment*

42.    In response to Defendants' motion, fraught and distraught, Qamunga retained counsel to answer and oppose the motion on her behalf.

43.    Because Defendants brought a time-barred action to collect this purported debt, Qamunga was forced in incur the time, inconvenience, and energy to defend against a lawsuit that defendants had not right to bring in the first place.

44.    Defendants' lawsuit forced Qamunga choose to take action to either enforce or forbear a legal right.

45.    In being forced to make this choice related to legal rights for which she had no training, education, or expertise, she chose to retain an attorney.

46.    Every action undertaken by Defendants in the bringing of this time-barred action serve as a discrete violation of the FDCPA.

47.    Qamunga had to undertake the time and expense to defend a baseless and illegal lawsuit.

48.    In this regard, Defendants' bringing of a time-barred claim and the injury borne by Qamunga in defending that time-barred claim is analogous to the common law claim of fraudulent misrepresentation.

49.    Likewise, Defendants' bringing of a time-barred claim and the injury borne by Qamunga in defending that time-barred claim is analogous to the common law doctrine of abuse of process.

50.     Additionally, because this action was a part of a series of lawsuits brought against Qamunga for the purported debt, this matter brought her anguish, stress, lack of sleep, irritability, and anxiety about the future.

51.     Likewise, Defendants' bringing of a time-barred claim and the injury borne by Qamunga in defending that time-barred claim is analogous to the common law doctrine of intentional infliction of emotional distress.

52.     Indeed, Qamunga faced increased risk of harm if she did not defend the time-barred collection action—she would have a money judgment entered against her for which she would be subject to involuntary collection means, loss of control over her family budget, and increased stress, anxiety, and distress from responding to defendants collection actions and the impact on her family relationships because of "money problems" at home.

53.     Counsel for Qamunga opposed the motion and sought dismissal of the action *sua sponte* on the basis of Messerli's decision to ignore the choice of law provision found in the credit agreement and the application of the proper, and shorter, statute of limitations.

54.     On May 25, 2023 the Honorable Thomas J. Conley entered an order denying Defendants' motion for summary judgment and ordering summary judgment in favor of Qamunga.

55.     The Court determined that Midland Funding's claims were governed by Virginia law based on the contract's choice of law provision.

56.     The Court also determined. that Virginia law provides that: "In actions upon (i) any contract that is not otherwise specified and that is in writing and not signed by the party to be charged, or by his agent, or (ii) any unwritten contract, express or implied, within three years." Virginia Code 8.01-246(4).

57.     The Court also determined that Section (ii) applies to the Agreement as it was in writing, but not signed.

58.     Finally, the Court determined that an action on the Capital One Debt was to have been brought no later than August 15, 2020 and that accordingly, Midland Funding's claims were barred by the applicable statute of limitations.

### *Summary*

59.     Between December 14, 2022 and May 25, 2023 Messerli and Midland Funding commenced an action on a time-barred debt and continued to prosecute that action, all in violation of the FDCPA.

60.     The FDCPA bars a debt collector from filing or threatening a lawsuit to collect a time-barred debt. *Nelson v. Midland Credit Mgmt., Inc.*, 828 F.3d 749, 751 (8th Cir. 2016)(*quoting Freyermuth v. Credit Bureau Servs., Inc.,* 248 F.3d 767, 771 (8th Cir. 2001)).

61.     The FDCPA "applies to the litigating activities of lawyers."*Heintz v. Jenkins*, 514 U.S. 291 at 294 (1995).

62.     Regulation F prohibits a debt collector from suing or threatening to sue to collect a time-barred debt. 12 CFR part 1006.

63.     As the CFPB explained in finalizing this prohibition, "a debt collector who

sues or threatens to sue a consumer to collect a time-barred debt explicitly or implicitly misrepresents to the consumer that the debt is legally enforceable, and that misrepresentation is material to consumers because it may affect their conduct with regard to the collection of that debt, including whether to pay it."

64.    Regulation F's prohibition on suits and threats of suit on time-barred debt is subject to a strict liability standard. That is, a debt collector who sues or threatens to sue to collect a time-barred debt violates the prohibition "even if the debt collector neither knew nor should have known that a debt was time barred."

65.    The above-described collection conduct by Defendants was done in violation of numerous and multiple provisions of the FDCPA including 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692f, and 1692f(1), as implemented by Reg. F.

66.    Defendants' unlawful collection efforts caused Plaintiff to suffer concrete and particularized harm.

67.    Qamunga has been actually damaged as she has incurred costs and attorneys' fees in excess of $5000 to defend the time-barred action brought by Defendant.

68.    Qamunga has also suffered emotional distress as a result of Defendants' attempts to collect the Capital One debt because she genuinely believed that the debt may not have expired.

# V. CLASS ALLEGATIONS

52.     This action is brought on behalf of a class consisting of persons throughout the United States who were sued on a time barred debt by Defendants, within the previous one year from the date of filing the above captioned-Complaint.

53.     In this regard, Defendants' bringing of a time-barred claim and the injury borne by the class members in defending that time-barred claim is analogous to the common law claim of fraudulent misrepresentation and invasion of privacy.

54.     Likewise, Defendants' bringing of a time-barred claim and the injury borne by the class members in defending that time-barred claim is analogous to the common law doctrine of abuse of process.

55.     Likewise, Defendants' bringing of a time-barred claim and the injury borne by the class members in defending that time-barred claim is analogous to the common law doctrine of intentional infliction of emotional distress.

56.     The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants has unlawfully attempted to collect debt from not less than 40 consumers nationwide.

57.     Plaintiff brings this action individually and as a Class Action. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks to certify this Class.

58.     There are questions of law and fact common to the Class that predominate any questions affecting only individual Class members. The questions include but are not limited to:

59.     Did Defendant violate the FDCPA rights when commencing litigation after the applicable statute of limitations had run?

60.     Did Defendant collect money in response to its collection efforts after the applicable statute of limitations had run?

61.     Plaintiff's claims are typical of the claims of the Class members, which all arise from the same operative facts and are based on the same legal theories, including:

    a.     Falsely stating that a debt was owed, which is a false representations of the character, amount, or legal status of a debt, false representations as to compensation that may be lawfully received by a debt collector for the collection of a debt in violation of Section e(2) of the FDCPA.

    b.     Falsely stating that a debt was owed accompanied by legal documents that purported to be a part of valid legal process, when they was not, which constitute threats to take any action that cannot be legally taken, and a deceptive means in which to collect debt, in violation of Sections e(5), e(10) and e(13)  of the FDCPA.

    c.     By suing on time barred debt, Messerli and Midland Funding violated multiple provisions of 15 U.S.C. § 1692e by misrepresenting the character, amount and/or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), namely by representing that the debt was legally enforceable and taking action on that representation that

could not be legally taken, in violation of 15 U.S.C. § 1692e(5), also violating Reg. F. 12 CFR part 1006.

d.     By engaging in these debt collection activities Messerli and Midland Funding violated §1692d (abusive, harassing and oppressive conduct).

e.     By engaging in the aforementioned debt collection activities Messerli and Midland Funding violated §1692f (unfair collection practices). The recovery of statutory and actual damages for Defendant's violations of federal and state collection laws.

62.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer rights class actions. Neither Plaintiff nor their counsel has any interests that might cause them not to vigorously pursue his case.

63.    This action should be maintained as a Class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for those opposing the Class.

64.    A Class action is a superior method for the fair and efficient adjudication of controversy. The interest of Class members in individually controlling prosecution of separate claims against Defendants are small. Management of the Class claims is likely to present significantly fewer difficulties than those

presented in many individual claims. The identities of the Class members may be obtained using Defendants' records.

## VI.  TRIAL BY JURY

65.     Plaintiff request a trial by jury on all issues so triable.  U.S. Const. amend. 7. Fed. R. Civ. P. 38.

## VII.  LEGAL CLAIMS

## <u>COUNT I</u>

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 *et seq.*) Against Messerli

66.     Qamunga incorporates by reference all of the above paragraphs in this Complaint.

67.     Qamunga is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

68.     The Capital One Debt is or was alleged to have been a debt primarily for personal, family or household purposes and therefore a "debt" as that term is defined under 15 U.S.C. § 1692a(5).

69.     Messerli is a is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

70.     Messerli sent communications purporting to be legal communications that stated that a debt was owed by Qamunga.

71.     All of these written representations falsely stating a debt was owed are false representations of the character, amount, or legal status of a debt, false

representations as to compensation that may be lawfully received by a debt collector for the collection of a debt in violation of Section e(2) of the FDCPA.

72.     Because these written representations falsely stating a debt was owed were accompanied legal documents and purported to be a part of valid legal process, when it was not, they letters constitute threats to take any action that cannot be legally taken, and a deceptive means in which to collect debt, in violation of Sections e(5), e(10) and e(13)  of the FDCPA.

73.     Messerli, on behalf of Midland, filed a lawsuit on a time barred debt in violation of 15 U.S.C. §1692d which prohibits conduct which is harassing, abusive and/or oppressive.

74.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, such as suing on time barred debt.

75.     By suing on time barred debt, Messerli violated multiple provisions of 15 U.S.C. § 1692e by misrepresenting the character, amount and/or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), namely by representing that the debt was legally enforceable and taking action on that representation that could not be legally taken, in violation of 15 U.S.C. § 1692e(5).

76.     By suing or threatening to sue to collect a time-barred debt, Messerli's filing also violates Reg. F. 12 CFR part 1006.

77.     Messerli's ongoing prosecution of the lawsuit violated 15 U.S.C. § 1692d because the natural consequence of it was to harass, oppress, or abuse Qamunga in connection with the collection of the time-barred debt.

78.     Finally, Messerli's filing and prosecution of the claim violates 15 U.S.C. § 1692f as an unfair or unconscionable means to collect or attempt to collect any debt and 15 U.S.C. § 1692f(1) for seeking amounts from Qamunga no longer permitted by the credit agreement or under law.

79.     Messerli's conduct caused Plaintiff to suffer concrete and particularized harm.

80.     Qamunga has been actually damaged as she has incurred costs and attorneys' fees to defend the time-barred action brought by Messerli.

81.     Qamunga has also suffered emotional distress as a result of Messerli's attempts to collect the Capital One debt because she genuinely believed that the debt may not have expired.

82.     As a result of Messerli's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Messerli.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(15 U.S.C. § 1692 *et seq.*)**
**Against Midland**

83.    Qamunga incorporates by reference all of the above paragraphs in this Complaint.

84.    Qamunga is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

85.    The Capital One Debt is or was alleged to have been a debt primarily for personal, family or household purposes and therefore a "debt" as that term is defined under 15 U.S.C. § 1692a(5).

86.    Midland Funding is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

87.    Midland Funding, through its agents sent communications purporting to be legal communications that stated that a debt was owed by Qamunga.

88.    All of these written representations falsely stating a debt was owed are false representations of the character, amount, or legal status of a debt, false representations as to compensation that may be lawfully received by a debt collector for the collection of a debt in violation of Section e(2) of the FDCPA.

89.    Because these written representations falsely stating a debt was owed were accompanied legal documents and purported to be a part of valid legal process, when it was not, they letters constitute threats to take any action that cannot be legally taken, and a deceptive means in which to collect debt, in violation of Sections e(5), e(10) and e(13)  of the FDCPA.

90.     Midland Funding filed a lawsuit on a time barred debt in violation of 15 U.S.C. §1692d which prohibits conduct which is harassing, abusive and/or oppressive.

91.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, such as suing on time barred debt.

92.     By suing on time barred debt, Midland Funding violated multiple provisions of 15 U.S.C. § 1692e by misrepresenting the character, amount and/or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), namely by representing that the debt was legally enforceable and taking action on that representation that could not be legally taken, in violation of 15 U.S.C. § 1692e(5).

93.     By suing or threatening to sue to collect a time-barred debt, Midland Funding's filing also violates Reg. F. 12 CFR part 1006.

94.     Midland Funding's ongoing prosecution of the lawsuit violated 15 U.S.C. § 1692d because the natural consequence of it was to harass, oppress, or abuse Qamunga in connection with the collection of the time-barred debt.

95.     Finally, Midland Funding's filing and prosecution of the claim violates 15 U.S.C. § 1692f as an unfair or unconscionable means to collect or attempt to collect any debt and 15 U.S.C. § 1692f(1) for seeking amounts from Qamunga no longer permitted by the credit agreement or under law.

96.     Midland Funding's conduct caused Plaintiff to suffer concrete and particularized harm.

97.    Qamunga has been actually damaged as she has incurred costs and attorneys' fees to defend the time-barred action brought by Midland Funding.

98.    Qamunga has also suffered emotional distress as a result of Midland Funding's attempts to collect the Capital One debt because she genuinely believed that the debt may not have expired.

99.    As a result of Midland Funding's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Midland Funding.

**COUNT III**
**INTRUSION UPON SECLUSION**
**All Defendants**

100.    Qamunga incorporates by reference all of the above paragraphs in this Complaint.

101.    By commencing and maintaining an action on a time barred debt, Defendants intentionally intruded upon the solitude or seclusion of Qamunga and his privacy concerns.

102.    Defendants' Commencement and maintenance of an action on a time barred consumer debt constitutes an intrusion.

103.    Indeed, like unwanted phone calls and other forms of communications, time barred and unwanted litigation is of the same character and bears a close

relationship to the kind of harm that the common law cause of action for intrusion upon seclusion sought to protect

104.    Defendants' intrusion is highly offensive as evidenced by the congressional and regulatory proscriptions against commencing and maintaining an action on a time barred consumer debt.

105.    The ordinary reasonable person would find Defendants' intrusion highly offensive.

106.    Qamunga had a legitimate expectation of privacy as it concerned the alleged consumer debt, namely that she would not be subject to suit after the debt was no longer enforceable and that she would not continue to be subjected to litigation following her answer and dispute of the underlying indebtedness.

107.    Qamunga has been injured by Defendants intrusion because her legally protected privacy interests were invaded.

108.    Qamunga has been actually damaged as she has incurred opportunity costs in the form of lost time, costs and attorneys' fees to defend the time-barred action brought by Defendants.

109.    Qamunga has also suffered emotional distress as a result of Defendants' attempts to collect the Capital One debt because she genuinely believed that the debt may not have expired.

110.    As a result of Defendants' intrusion upon seclusion, Qamunga is entitled to damages as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Banjelister Qamunga prays for judgment against Defendants as follows:

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), and for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

2. An order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

3. For an award of damages for Defendants' intrusion upon seclusion.

4. For such other and further relief as to the Court appears just and equitable, including an order awarding Plaintiff her costs, disbursements, and attorney's fees.

Dated: November 14, 2023   **CHRISTENSEN LAW OFFICE PLLC**

        /s/Carl E. Christensen_____
        Carl E. Christensen (#350412)
        Christopher Wilcox (#392596)
        Attorneys for Plaintiff
        305 North Fifth Avenue, Suite 375
        Minneapolis, MN 55401-7541
        (612) 473-1200
        carl@clawoffice.com
        chris@clawoffice.com

Thomas J Lyons Jr. Esq.
Attorney I.D. # 0249646
Carter B. Lyons, Esq.
Attorney I.D. #:  0403655
Consumer Justice Center P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: 651-770-9707
Facsimile: 651-704-0907
Email: [tommy@consumerjusticecenter.com](mailto:tommy@consumerjusticecenter.com)